# United States District Court
## Middle District of Florida
### Orlando Division

JOSEPH P. CHOLEWA, III,

                 **Plaintiff,**

-vs-                                 **Case No.  6:12-cv-1202-Orl-28TBS**

WASHINGTON MUTUAL BANK,  WAMU
ASSET ACCEPTANCE CORP.,  WAMU
MORTGAGE PASS-THROUGH
CERTIFICATE SERIES 2007-HY7
TRUST,  LASALLE BANK NATIONAL
ASSOCIATION,  JP MORGAN CHASE
BANK, N.A.,  ALL PERSONS CLAIMING
BY THROUGH OR UNDER SUCH
PERSON, ALL PERSONS UNKNOWN,
CLAIMING  ANY LEGAL OR EQUITABLE
TITLE ESTATE, LIEN OR INTEREST IN
THE PROPERTY DESCRIBED IN THE
COMPLAINT ADVERSE TO PLAINTIFF'S
TITLE THERETO, DOES 1-20,
INCLUSIVE,

                 **Defendants.**
_____

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint

(Doc. 20) and Plaintiff's Opposition (Doc. 21) thereto.  As set forth below, the Complaint will

be stricken, but Plaintiff will be afforded an opportunity to replead his claims.

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). However, such pleadings "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 F. App'x 563, 565 (11th Cir. 2010).

Plaintiff initially appeared pro se in this case but has since obtained counsel. His 33-page Complaint contains six counts: wrongful foreclosure, fraud, quiet title, declaratory relief, violation of the Real Estate and Settlement Procedures Act ("RESPA"), and violation of the Truth in Lending Act ("TILA"). The Complaint is what is commonly referred to as a "shotgun pleading," in which each count incorporates by reference all of the previous allegations and fails to describe which allegations are actually germane to the count. Such pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has described pleadings of this sort as "altogether unacceptable," Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997), and has stated that district courts faced with such complaints should strike them and require repleading, id.

Accordingly, the Court will strike Plaintiff's Complaint and allow Plaintiff to file an

amended complaint.  The amended complaint shall comply with the requirements of the Federal Rules of Civil Procedure—particularly, Rules 8 and 9(b).  Plaintiff shall use short, plain statements to support each claim he seeks to bring, and he shall not incorporate by reference each paragraph appearing before each claim.  Additionally, Plaintiff shall include supporting facts sufficient to state facially plausible claims, and Plaintiff shall set forth the basis for this Court's subject matter jurisdiction for each claim.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2.  Defendants' Motion to Dismiss (Doc. 20) is **DENIED as moot**.

3.  Plaintiff may file an amended complaint if he is able to state one or more viable causes of action with sufficient particularity.  The deadline for such filing is **Friday, January 11, 2013**.

**DONE** and **ORDERED** in Orlando, Florida this 14th day of December, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

-3-